No. 74–350. TROOPERS LODGE No. 41, FRATERNAL ORDER OF POLICE, ET AL. v. WALKER, GOVERNOR OF ILLINOIS, ET AL. Sup. Ct. Ill. Certiorari denied. MR. JUSTICE BLACKMUN and MR. JUSTICE POWELL would grant certiorari. ▮

MR. JUSTICE DOUGLAS.

The petitioners are members of the Illinois State Police who, joined by their fraternal organization, challenge an Illinois regulatory program that requires disclosure of financial transactions and associations by state employees. The program was created by an executive order of the Governor of Illinois. The order established a State Board of Ethics, empowered to require designated state employees to file an annual statement of economic interest, which discloses assets and liabilities, each source of income and the amount received therefrom, and each "close economic association," which is defined as a "busi-

ness or professional entity with which the person is associated as an officer, employee, director or partner or in which he has a substantial interest." The foregoing disclosures must be made not only by the employee himself, but also by members of his immediate family sharing his household. Information so reported is open to "reasonable public inspection." Failure to make the required disclosures subjects the employee to disciplinary action, including discharge.

The executive order applies by its terms only to members of the executive branch. Were this the only element of the Illinois scheme to discourage conflict of interests among those who hold public office, I believe a substantial equal protection question would be presented. The State has an undeniably strong interest in placing beyond question the integrity of its public service. But this is an interest that applies to all branches of the government, and where a State singles out a target group of employees, it is arguably compelled by the Equal Protection Clause to justify the differential treatment. The Illinois program, however, is greater than the executive order, and I add this word because it is not discussed in the briefs nor in the opinion in this case. The Illinois Governmental Ethics Act, passed in 1972, in addition to prescribing a "code of conduct" for legislators, requires the disclosure of "economic interest" by members of the legislature and independent agencies, Ill. Rev. Stat., c. 127, § 601–101 *et seq.* (1973).[1] Criminal penalties are provided for the filing of false statements, and failure to disclose at all subjects the officer to forfeiture of his office, § 604A–107. The statute provides for public examination of statements "at all reasonable times," § 604A–106. Judges have similar reporting obligations under a rule of

---

[1] See also, Note, The Illinois Governmental Ethics Act—A Step Ahead Toward Better Government, 22 De Paul L. Rev. 302 (1972).

the Illinois Supreme Court, Ill. Rev. Stat., c. 110A, § 68 (1973).[2] Since it appears that Illinois has offered even-handed treatment, I accordingly join in the denial of certiorari.

---

[2] Statements filed by judges are not automatically open to public inspection, but litigants in a particular case may ascertain, through an administrative procedure, whether a judge has had an economic interest in the outcome. Ill. Rev. Stat., c. 110A, §§ 66–68 (1973).