Memorandum. We affirm the order of the Appellate Division and its upholding of the constitutionality of Executive Order No. 10 (9 NYCRR 3.10). In such affirmance we, as did the Appellate Division, distinguish Griswold v Connecticut (381 US 479), a case which recognized and broadly delineated a right to privacy but in a vastly different situation. Rather than rely on such cases as California Bankers Assn. v Shultz (416 US 21), United States v Miller (425 US 434), Fisher v United States (425 US 391), and Buckley v Valeo (424 US 1), each of which involves an unsuccessful challenge to a governmental requirement or governmental demand directing a third party to maintain records or disclose information, we rest instead on the authority of cases such as United Public *1009 Workers v Mitchell (330 US 75), Civil Serv. Comm. v Letter Carriers (413 US 548), Broadrick v Oklahoma (413 US 601), and Illinois State Employees Assn. v Walker (57 Ill 2d 512, cert den sub nom. Troopers Lodge No. 41 v Walker, 419 US 1058) where, as here, the rights and interests of government employees, as citizens, were balanced against the rights and interests of the government, as employer. The Executive Order requiring financial disclosure was designed to eliminate inefficiency and deter official corruption, significant public interests, and does not infringe upon individual employees! constitutional rights.
Judges Jasen, Jones, Wachtler and Cooke concur; Chief Judge Breitel and Judges Gabrielli and Fuchsberg concur in the following memorandum: Although the opinion of Mr. Presiding Justice John Marsh at the Appellate Division cogently justifies on constitutional grounds a statute requiring financial disclosures by public employees and officers, it does not address itself to whether a statute, as distinguished from an "executive order”, is required to accomplish such objective. But appellants have never contended otherwise and, indeed, none of the parties has briefed that question. Hence, we do not reach it.
Order affirmed, with costs, in a memorandum.