WILLIAM F. HUNTER et al., Appellants, v CITY OF NEW YORK et al., Respondents.

First Department, June 28, 1977

*Murray A. Gordon* of counsel *(Ronald H. Shectman, Kenneth E. Gordon* and *Andrew Irving* with him on the brief; *Murray A. Gordon, P. C.,* attorneys), for appellants.

*Alfred Weinstein* of counsel *(L. Kevin Sheridan* and *Rosemary Carroll* with him on the brief; *W. Bernard Richland, Corporation Counsel),* for respondents.

*Carter Burden* and *Paul E. Kerson* for Carter Burden and others, *amici curiae.*

BIRNS, J. In this class action, plaintiffs, occupying a variety of positions in the civil service of New York City, have challenged the constitutionality of law (Local Laws, 1975, No. 1 of City of New York) requiring financial disclosure by city employees earning a salary of $25,000 or more. They seek to enjoin the implementation and enforcement of the law.

Special Term, upholding the constitutionality of that law in all respects, granted summary judgment to defendants.

The law is applicable to managerial and nonmanagerial employees, whether exempt or nonexempt, and not only encompasses present office holders and elected officials, but also condidates for certain municipal offices.

Although the law does not contain a declaration of policy, it is clear from the record before us that the object of this ordinance is to discourage and detect curruption and the appearance of corruption, avoid conflicts of interest and instill in the public a sense of confidence in the integrity and impartiality of its public servants. "[A] compelling state interest in preventing official corruption justifies the risk which such legislation entails." *(The Constitutionality of Financial Disclosure Laws,* 59 Cornell L Rev 345-346.)

Each person to whom the law applies is required to provide answers to certain questions concerning the financial affairs of the employee and his or her spouse, if any, relating to outside sources of income, capital gains, investments, real estate, honoraria, gifts received, creditors and trusts in which the employee or spouse has a beneficial interest. A completed questionnaire is to be filed annually with the City Clerk and is to be made available for inspection by any taxpayer. An intentional violation of Local Law No. 1 constitutes a misdemeanor punishable by a fine of $1,000 or a prison term of not more than one year or both. Enforcement and implementation of the law was enjoined by the issuance of a preliminary injunction. By order dated March 28, 1977 this court granted plaintiffs' motion for a stay of execution and enforcement of the order and judgment of Special Term, pending hearing and determination of this appeal.

Plaintiffs contend that the legislation infringes upon their right of privacy in their financial and marital relationships and has a chilling effect upon their right of association, belief and expression. Plaintiffs argue that these are fundamental

rights under the Constitution and therefore the legislation should be examined with strict scrutiny *(Buckley v Valeo,* 424 US 1, 66).

Plaintiffs further claim that there is no rational basis for distinguishing between employees earning $25,000 or more and those earning less than $25,000 and that the law is vague and ambiguous.

Respondents seek succor in Executive Order No. 10 (9 NYCRR 3.10), which was constitutionally evaluated by the Court of Appeals in *Evans v Carey* (40 NY2d 1008) as justifying financial disclosure by government employees.

Plaintiffs point out, however, that Local Law No. 1 unlike Executive Order No. 10, contains no device to afford protection to claims of privacy. They argue that the legislation denies due process of law in that no procedure is made available whereby the propriety or need for disclosure of personal matters unrelated to a particular employee's job can be challenged in individual cases.

*Evans (supra)* has resolved most of the issues presented by this appeal.

It is recognized today that " '[t]he public employee surely enjoys the status of a person protected by constitutional right. Public employment does not deprive him of constitutional protection' ". *(City of Carmel-by-the-Sea v Young,* 2 Cal 3d 259, 265.) Concededly, "[f]inancial transactions can reveal much about a person's activities, associations and beliefs. At some point, governmental intrusion upon these areas would implicate legitimate expectations of privacy." *(California Bankers Assn. v Shultz,* 416 US 21, 78-79, POWELL, J., concurring, joined by BLACKMUN, J.) Although there is a growing concern with issues of privacy under the Constitution *(Carmel v Young, supra,* pp 267-269) *Evans (supra)* has put to rest any claim that a requirement of financial disclosure by governmental employees is constitutionally offensive "where, as here, the rights and interests of government employees, as citizens, were balanced against the rights and interests of the government, as employer." (40 NY2d, at p 1009.)

Plaintiffs' contention that the requirement of disclosure by spouses is violative of a zone of privacy enunciated in *Griswold v Connecticut* (381 US 479, 484-485) was likewise rejected by our Court of Appeals in *Evans (supra).* Involved in *Griswold (supra)* was a zone of privacy circumscribed by the most intimate phases of marriage and personal life, clearly falling

within the scope of privacy. Before us is a vastly different situation, a requirement that the financial affairs of those who are paid by the municipality be disclosed to the public. Although Governor Carey's executive order did not require that the financial interests of spouses be disclosed, nevertheless, the order did recite that until such time as a board established by the order issues forms for such disclosure statements, the form appended to the order and made part thereof was to be utilized. That form, which was undoubtedly before both the Appellate Division and the Court Appeals, and is appended to defendants' briefs here, plainly requires disclosure by an employee about himself or herself and his or her spouse.

Nor does the requirement that those earning an annual salary of $25,000 or more disclose, without any showing that those persons exercised discretion or perform management functions, constitute a constitutionally impermissible classification. A similar requirement was upheld by our Court of Appeals in *Evans (supra)* and by the Illinois court in *Illinois State Employees Assn. v Walker* (57 Ill 2d 512, cert den *sub nom Troopers Lodge No. 41 v Walker,* 419 US 1058). That Governor Carey's order starts at a $30,000 level and exempts those in nonexempt, classified competitive services does not change the fact that the classification in Local Law No. 1 has a rational basis. ·

The .contention that the law challenged is vague and ambiguous is one that the court need not pass upon at this time. Plaintiffs do not claim that the defects in draftsmanship, if any, presently pose a problem to them; rather, the issue is tendered in an abstract manner. Our Court of Appeals has adopted the view and language in the United States Supreme Court and held: " 'Constitutional questions are not to be decided hypothetically.' " *(People v Faxlanger,* 1 NY2d 393, 395, quoting *Annister Mfg. Co. v Davis,* 301 US 337, 353.)

While the cases relied upon by the Court of Appeals in *Evans (supra) (United Public Workers v Mitchell,* 330 US 75; *Civil Serv. Comm. v Letter Carriers,* 413 US 548; *Broadrick v Oklahoma,* 413 US 601) support as constitutional, government intrusion into the extragovernmental activities of its employees, it is not without significance that the Court of Appeals supplemented this compilation of cases with *Illinois State Employees Assn. v Walker (supra).*

We find in *Walker (supra)* that the Illinois court was con-

cerned with an executive order requiring the filing of a statement disclosing the financial interests of the employee, and his or her spouse and members of the immediate family of the employee living with him, but by which public disclosure of the data was to be limited and regulated by a board of ethics, a mechanism which in some respects resembles the Board of Public Disclosure established in Executive Order No. 10 (see *Evans, supra).* In this background we consider the due process challenge to Local Law No. 1.

Special Term dealt briefly with plaintiffs' due process argument, observing that the mere possibility of disclosure of irrelevant financial matters by the employee did not warrant holding Local Law No. 1 unconstitutional on its face *(Broadrick v Oklahoma, supra).*

It is not only deprivation of life and property, but also liberty, which is entitled to protection of due process under the Fourteenth Amendment. Privacy, a right within the concept of liberty, has its claims on the due process clause (see *Griswold,* 381 US 479, *supra,* GOLDBERG, J., concurring opn, p 486).*

As we have noted, public employees do not, by virtue of their public employment, surrender their constitutional right to due process *(Carmel v Young, supra).* Government employees should not be treated as second-class citizens. The State must provide appropriate procedures to avoid arbitrary or discriminatory results, even where it asserts a legitimate governmental interest. *(Wieman v Updegraff,* 344 US 183; *Slochower v Board of Educ.,* 350 US 551.)

Examined in this area, the local law challenged is, to the extent it ignores due process, invalid. Local Law No. 1 provides that the required detailed disclosure be filed with the City Clerk, and be made available to the public. It permits anyone, for any reason or no reason, unimpeded access to the financial disclosures of the municipal employees, even where the financial information may have no conceivable relationship to any of the duties of employment. Matters of finance do exist that are so personal in nature and so unrelated to the performance of a public servant's duties, that no useful pur-

---

* "Although '[t]he Constitution does not explicitly mention any right of privacy', the Court has recognized that one aspect of the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment is 'a right of personal privacy, or a guarantee of certain areas or zones of privacy.' *Roe v. Wade,* 410 U. S. 113, 152 (1973)." *(Carey v Population Servs. Int.* 431 US 678.)

pose is to be served by its disclosure. On the contrary, embarrassment may be visited upon the employee for no discernible reason other than to satisfy the curiosity of others.

It is suggested that the local law, yet another statute attempting to legislate ethics, may well lie within the competence of the local legislative body to enact. It should, however, be enacted with a view to preserving to the maximum extent possible the right enjoyed by the body politic at large to keep their financial affairs private, consistent with the new-found fervor of the public to know everything about everybody. The right to shield from one's friends as well as one's critics details that have no bearing whatsoever upon the performance of the employee's duties should be accorded to the employee.

In this legislation there is, then, insensitivity to rights of privacy, and disregard of claims of irrelevancy. Evaluation of this legislation inescapably impels the conclusion that "[t]here has not been the 'protection of the individual against arbitrary action' which Mr. Justice Cardozo characterized as the very essence of due process. *Ohio Bell Telephone Co. v. Commission,* 301 U. S. 292, 302." *(Slochower v Board of Educ., supra,* p 559.)

Governor Carey's Executive Order No. 10 established a Board of Public Disclosure to receive the completed forms from the State employees covered thereby and "review them prior to public inspection to assure adequate compliance *and to evaluate any claims to privacy."* (Emphasis added.) The board is to act as an objective agency to entertain the complaint of employees claiming aggrievement, to filter and separate the irrelevant from the relevant, and to distinguish questionable financial activity from innocent activity. Its methodology does "tailor disclosure to each of a literally myriad of public posts", a legislative task which is not "insurmountable" as Special Term feared. (Opn by SUTTON, J., p 576.)

Defendants contend that the existence of such a board as in *Evans (supra)* would detract from the appearance if not the fact of propriety of the disclosure by the employee. This argument must yield to the mandate of due process. Government should not sacrifice the constitutional rights of some of its employees just to satisfy the inquisitiveness of some of the public (see *Wieman v Updegraff, supra).* In such instances,

aggrieved persons are entitled to judicial protection under the due process clause (see *Slochower v Board of Educ., supra).*

Accordingly, it is concluded that the local law's provision for disclosure of the financial statements without affording the employee the opportunity to present a claim for privacy, should be stricken, and that disclosure not be made public absent the implementation of such safeguards as are consistent with due process (see *Evans, supra).* We approach the resolution of this matter in this way in order to sustain the constitutionality of the legislation (Administrative Code of City of New York, § 1106.5.0, subd e [Local Laws, 1975, No. 1]; *Buckley v Valeo,* 424 US 1, *supra).*

The judgment and order of the Supreme Court, New York County (SUTTON, J.), entered February 10, 1977 should be modified, on the law, to the extent of striking therefrom the paragraph providing for granting of defendants' motion dismissing the complaint; declaring unconstitutional the provision of Local Law No. 1 of 1975 that the information furnished pursuant thereto is to be made available to the public as a matter of course; and otherwise declaring Local Law No. 1 to be constitutional, and the judgment and order should be otherwise affirmed, without costs.

KUPFERMAN, J. P., LUPIANO and CAPOZZOLI, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on or about February 10, 1977, unanimously modified, on the law, to the extent of striking therefrom the paragraph providing for granting of defendants' motion dismissing the complaint; declaring unconstitutional the provision of Local Law No. 1 of 1975 that the information furnished pursuant thereto is to be made available to the public as a matter of course; and otherwise declaring Local Law No. 1 to be constitutional and the order and judgment (one paper) is otherwise affirmed, without costs and without disbursements.