Ann Denoncourt, Donald Tinsman, Linda T. Butler and Rudolph E. Butler, Jr., Petitioners *v.* Commonwealth of Pennsylvania, State Ethics Commission, Respondent.

Argued November 16, 1982, before Judges ROGERS, BLATT, WILLIAMS, JR. and MACPHAIL.

*Michael I. Levin, Cleckner and Fearen,* for petitioners.

*Sandra S. Christianson,* General Counsel, for respondent.

OPINION BY JUDGE BLATT, March 21, 1983:

In this original jurisdiction case, the petitioners[1] are challenging the constitutionality of the Act of October 4, 1978 (Act), P.L. 883, 65 P.S. §§401-413. They argue that requiring disclosure of the financial interests of a public official's immediate family, Section 5 of the Act, 65 P.S. §405, violates the constitutional right of privacy of the family members, and that subjecting public officials to criminal penalties if such disclosures are not made, Section 9 of the Act, 65 P.S. §409, violates their due process rights. Before us now is the petitioners' motion for summary judgment under Pa. R.C.P. No. 1035.

Concerning privacy, it is clear that the general disclosure requirements of the Act are constitutional. *Snider v. Shapp,* 45 Pa. Commonwealth Ct. 337, 405 A.2d 602 (1979), *modified and affirmed sub nom.,*

---

[1] By amended petition, the parties challenging the law include Ann Denoncourt, Donald Tinsman, Linda T. Butler and Rudolph E. Butler, Jr. The petitioners are either school board directors or spouses of directors.

*Snider v. Thornburgh,* 496 Pa. 159, 436 A.2d 593 (1981). Our Supreme Court in *Snider,* however, did not reach the exact issue presented herein, which is whether or not the provisions relating to *spousal* disclosure are constitutional.[2]

Financial disclosure laws, including requirements for spousal reporting of assets have clearly withstood constitutional attack in other states.[3] In *Kenny v. Byrne,* 144 N.J. Super. 243, 365 A.2d 211 (1976), *aff'd,* 75 N.J. 458, 383 A.2d 428 (1978), the New Jersey courts upheld the governor's executive order requiring disclosure, noting that the public has the right to demand financial disclosure in its quest for responsible government, and that the public official, by accepting employment with the government, should be ready to subordinate his right of privacy to the extent necessary to protect the common good. *Cf. New York Times v. Sullivan,* 376 U.S. 254 (1964) (sharply curtailing right of public official to recover damages for libel and slander). As to the spousal provisions, it was stated that without such provisions, the door would be left open for evasion of the law by intra-family transfer of assets.

In *Stein v. Howlett,* 52 Ill. 2d 570, 289 N.E.2d 409 (1972), *appeal dismissed,* 412 U.S. 925 (1973) and *Illi-*

---

[2] Chief Justice O'BRIEN and Justices NIX and KAUFFMAN supported affirming the Commonwealth Court. Justice (now Chief Justice) ROBERTS and Justices LARSEN and FLAHERTY would have reversed on this issue. Former Chief Justice EAGEN did not participate. Since only three justices would hold the requirements unconstitutional, the remaining justices not reaching the issue, the precedential value of the various opinions is limited at best.

[3] *City of Carmel-By-the-Sea v. Young,* 2 Cal. 3d 259, 85 Cal. Rptr. 1, 466 P.2d 225 (1970) relied upon by the petitioners did strike down the California statute as being overbroad. However, in *County of Nevada v. MacMillen,* 11 Cal. 3d 662, 114 Cal. Rptr. 345, 522 P.2d 1345 (1974), the Legislature's second attempt at a financial disclosure statute was unanimously upheld.

nois State Employee's Ass'n v. Walker, 57 Ill. 2d 512, 315 N.E. 2d 9, cert. denied sub nom., Troopers Lodge No. 41 v. Walker, 419 U.S. 1058 (1974), the Illinois Supreme Court upheld a similar act against privacy attacks, stating that the constitutional right of privacy, as discussed in Griswold v. Connecticut, 381 U.S. 479 (1965) and Roe v. Wade, 410 U.S. 113 (1973), is not really involved in this situation inasmuch as those cases are limited to protecting the personal, intimate details of marriage, for example, whether or not to procreate or to rear a child. See Paris Adult Theatre I v. Slaton, 413 U.S. 49 (1973). And to extend the rationale to the financial disclosure laws, it was said, would "debase the Griswold opinion". Walker at 524, 315 N.E. 2d at 16.[4] See also Montgomery County v. Walsh, 274 Md. 502, 336 A.2d 97 (1975), appeal dismissed, 424 U.S. 901 (1976) (rejecting privacy argument relying on Walker).[5] The Illinois Supreme Court also took notice of the obvious possibility of subverting the government employee's loyalty through gifts to a spouse, and in Walsh, the Maryland Court of Appeals stated that it is common sense and common knowledge that men have been known to conceal assets by placing title in the name of wives, sons, and brothers. While

---

[4]The eminent Justice WALTER V. SCHAEFFER, writing for the majority, elaborated:

> We do not deal in this case with the most intimate relationship of husband and wife or with an effort by the state to control their decisions as to whether and when to have their children. We deal rather with a requirement that the financial affairs of persons who are paid by the public and who occupy positions of high public trust be disclosed. Id.

[5] The dismissal of Walsh, Walker, and Fritz v. Gorton, 83 Wash. 2d 275, 517 P.2d 911, appeal dismissed sub nom., Simmons v. Gorton, 417 U.S. 902 (1974) indicates United States Supreme Court approval of the holdings and can be considered decisions on the merits. Hicks v. Miranda, 422 U.S. 332 (1975); C. Wright, Law of Federal Courts 495 (2d ed. 1970).

the holdings in these cases are not controlling upon this Court, they are highly persuasive and we believe that we should concur with them.

The Act, of course, must be liberally construed in favor of disclosure. Section 1 of the Act, 65 P.S. §401. Moreover, all statutes carry a presumption of constitutionality. Section 1922(3) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(3), and the petitioners have a heavy burden of showing unconstitutionality. *McCoy v. State Board of Medical Education and Licensure,* 37 Pa Commonwealth Ct. 530, 391 A.2d 723 (1978). We do not believe, therefore, that the petitioners have met their burden of showing the spousal reporting requirements of the Act to be an invasion of their privacy rights. The Act is reasonably aimed at achieving a laudable legislative purpose.

The petitioners next argue that the criminal penalties of Section 9 of the Act,[6] violate their due process rights inasmuch as they can be subject to fines and im-

---

[6] This section provides:

§409. Penalties

(a) Any person who violates the provisions of section 3(a) and (b) is guilty of a felony and shall be fined not more than $10,000 or imprisoned for not more than five years, or be both fined and imprisoned.

(b) Any person who violates the provisions of section 3(c) through (h) or section 4 is guilty of a misdemeanor and shall be fined not more than $1,000 or imprisoned for not more than one year, or be both fined and imprisoned.

(c) Any person who obtains financial gain from violating any provision of this act, in addition to any other penalty provided by law, shall pay into the State Treasury a sum of money equal to three times the financial gain resulting from such violation.

(d) The penalties prescribed in this act do not limit the power of either House of the Legislature to discipline its own members or impeach a public official, and do not limit the power of agencies or commissions to discipline officials or employees.

prisonment for failure to disclose information which is unavailable to them. For example, in the case of petitioner Linda T. Butler, because her spouse is unwilling to provide her with financial information relative to his affairs, she will be prosecuted for violations of the Act even though she would comply if able, and that, in essence, the Act creates a strict liability offense. However, the respondent (State Ethics Commission) argues that Section 9, as written, applies only to Sections 3 and 4 of the Act, and that the family disclosure provisions in Section 5 of the Act state clearly that the statement, when filed, shall be signed under penalty of *perjury*. It is clear that perjury is not a strict liability offense, but, as with most crimes, liability for perjury would include a showing of a voluntary act and a criminal intent.[7] In other words, all elements of the offense will need to be proven at trial beyond a reasonable doubt. All defenses to the charge, including lack of the requisite mental state, ignorance, mistake, causation, and the like,[8] would be available to the defendant at trial. Due process is clearly satisfied, therefore, inasmuch as the Act does not impose absolute or automatic liability. Moreover, such a construction is consistent with the view that, if the Legislature wishes to make an act a crime without proof of criminal intent, there must be specific language to that effect. Absolute liability must plainly appear in the statute.

(e) Any person who violates the confidentiality of a commission proceeding pursuant to section 8, is guilty of a misdemeanor and shall be fined not more than $1,000 or imprisoned for not more than one year, or be both fined and imprisoned. Any person who willfully affirms or swears falsely in regard to any material matter before a commission proceeding pursuant to section 8 is guilty of a felony and shall be fined not more than $5,000 or imprisoned for not more than five years, or be both fined and imprisoned.

[7] *See* Sections 4901-04 of the Crimes Code, 18 Pa. C. S. §§4901-04.

[8] *See* Sections 301-05 of the Crimes Code, 18 Pa. C. S. §§301-05.

*See Commonwealth v. Bready,* 220 Pa. Superior Ct. 157, 286 A.2d 654 (1971); Section 305(a)(2) of the Crimes Code, 18 Pa. C. S. §305(a)(2).

In light of the above, we do not believe that the petitioners are entitled to judgment as a matter of law. The petitioners' motion for summary judgment must, therefore, be denied. On the other hand, inasmuch as there are no disputed facts, we must enter a summary judgment in favor of the respondent. *Allegheny County Port Authority v. Flaherty,* 6 Pa. Commonwealth Ct. 135, 293 A.2d 152 (1972).

## ORDER

AND Now, this 21st day of March, 1983, the petitioners' motion for summary judgment is hereby denied, and summary judgment is entered in favor of the respondent.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

Section 5(b) of the Act of October 4, 1978, P.L. 883 (Act), *as amended,* 65 P.S. §405(b) requires public employees and those seeking public office to file a statement of financial interest regarding themselves and the members of their immediate families. Section 2 of the Act, 65 P.S. §402, defines "immediate family" as a "spouse residing in the person's household and minor dependent children". By the express terms of the definition, spouses not residing in the same household and children who have reached their majority but who do reside in the same household, are excluded from consideration.

Section 4 of the Act, 65 P.S. §404, requires those coming within the provisions of the Act to file the statement of financial interests annually or, if a candi-

date or nominee for appointment, prior to the election or appointment. Failure to file the statement results in criminal penalties. Section 9 of the Act, 65 P.S. §409. Contrary to the majority, I would hold the criminal sanctions to be clearly applicable to the person who fails to file a financial statement due to his inability to obtain the required information concerning members of his immediate family.

As stated so well by Justice, now Chief Justice ROBERTS in his opinion in support of reversal in *Snider v. Thornburgh,* 496 Pa. 159, 188, 436 A.2d 593, 606 (1981):

> The presumption that an individual has knowledge or control of his spouse's financial interests is overbroad, and bears no reasonable, fair and substantial relation to the statute's purpose. Thus, it cannot justify mandatory disqualification from public office and criminal penalties against persons who are unable to comply with the spousal disclosure requirements. For this reason, those statutory provisions that require an individual to disclose the financial interests of his or her spouse over which he has no control must be declared unconstitutional. See 65 P.S. §413 (severability provision).

There can be no doubt that the public has a right to expect its public officials to avoid conflicts of financial interest in the performance of their official duties. A filing of a statment of financial interest by those persons who have been judicially determined to come within the purview of the Act is a legitimate means of implementing the purpose of the Act. To hold a public employee responsible for complete knowledge and disclosure of his or her spouse's financial interests, however, is an entirely different matter. It is a fact of modern life that many spouses conduct their own fi-

nancial affairs to the total exclusion of those to whom they are married. There are some minors, undoubtedly, whose financial affairs are not entirely known to their parents. To exclude from public employment or to subject persons to criminal penalties who *cannot* obtain the necessary financial information from their spouses or minor children, is not only a denial of due process of law, as stated by Chief Justice ROBERTS, but will deny the Commonwealth the services of many qualified persons as well.

The fear expressed in the cases from other jurisdictions cited in the majority opinion that dishonest persons will conceal their financial interests by vesting them in the names of their wives or children may be realistic but under the terms of the Act, a dishonest person need only ask his or her spouse to move next door or put his or her assets in the hands of children who have reached their majority to avoid the implications of the Act. Such obvious possibilities do not promote the true intent of the Act nor do they promote harmony in the family, a historic public policy consideration in this Commonwealth.

I would hold the provisions of the Act relating to disclosure of financial interests of members of a person's immediate household to be unconstitutional and grant petitioners' motion for summary judgment.