In the Matter of BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.

Third Department, June 1, 1989

## APPEARANCES OF COUNSEL

*Peter L. Zimroth, Corporation Counsel (David Karnovsky, Paul T. Rephen* and *June Witterschein* of counsel), for appellants.

*Martin L. Barr (Jerome Thier* of counsel), for Public Employment Relations Board, respondent.

*Robert Perez-Wilson (Rosaria R. Esperson* of counsel), for District Council 37, AFSCME, AFL-CIO, respondent.

*Bruce K. Bryant* for Council of Supervisors and Administrators, Local 1, respondent.

*James R. Sandner (J. Christopher Meagher* of counsel), for New York State United Teachers, respondent.

*Cohn, Glickstein & Lurie (Stephen L. Fine* of counsel), and *Spivak, Lipton, Watanabe & Spivak* for Communication Workers of America and another, respondents.

## OPINION OF THE COURT

HARVEY, J.

In the wake of a 1984 scandal concerning alleged financial improprieties and breaches of public trust involving a former Chancellor of the City School District of the City of New York, petitioner Board of Education of the City School District of the City of New York (hereinafter the Board) took steps to ensure that no similar incidents would occur in the future by undertaking to investigate its nontenured employees. Invoking its authority under Education Law § 2590-g (13) and (14), the Board adopted Chancellor's Regulations C-115 and C-120, as amended, which basically required designated Board employees earning certain wages to undergo background investigations and submit detailed annual financial disclosure statements as a condition of their continued employment. Four of the respondents in this proceeding, employee organizations representing various units of the Board's employees, filed improper employer practice charges with respondent Public Employment Relations Board (hereinafter PERB) claiming that the Board's unilateral adoption of regulations C-115 and C-120 and its refusal to negotiate the matter violated Civil Service Law § 209-a (1) (d) and (e). The matters were heard separately and the Administrative Law Judges found for said

respondents. In all the matters, the Board was ordered to rescind and cease enforcement of the disputed regulations.

Thereafter, the Board filed exceptions to the administrative decisions with PERB. In a consolidated decision, PERB determined that the Board's actions violated the Taylor Law and ordered the Board to rescind and cease enforcement of the regulations. The Board and its Chancellor then commenced this CPLR article 78 proceeding seeking to set aside and annul PERB's determination. Supreme Court dismissed the petition on the merits and this appeal by petitioners ensued.

As the agency charged with implementing the Taylor Law (Civil Service Law §§ 200-214), PERB "is presumed to have developed an expertise which requires [courts] to accept its construction of [the Taylor Law]" unless the determination is arbitrary and capricious or an abuse of discretion *(Matter of Town of Mamaroneck PBA v New York State Pub. Employment Relations Bd.,* 66 NY2d 722, 724; *see, Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46, 51). In the present case, petitioners argue that the pivotal issue raised herein requires an interpretation of the Education Law, not the Taylor Law, and therefore PERB's determination that the imposition of financial disclosure and background investigation requirements are mandatory subjects of collective bargaining is not entitled to the deference accorded such decisions *(see, Matter of Town of Mamaroneck PBA v New York State Pub. Employment Relations Bd., supra,* at 724). The principal statute at issue is Education Law § 2590-g, which provides in pertinent part that:

"[T]he city board shall have power and duty to * * *

"14. a. Prescribe regulations and bylaws requiring members of the city board, the chancellor and, for good cause shown, any other officer or employee in schools and programs under the jurisdiction of the city board and the chancellor, to submit to the city board, *in the discretion of the city board,* financial reports for themselves and their spouses.

"b. The frequency and period of coverage, the designation of persons to submit such reports by name, title or income level or by a combination thereof, and the content of such reports, including minimum dollar amounts, shall be determined by the city board *and such reports may include but not necessarily be limited to* the following" (emphasis supplied).

However, despite petitioners' contentions otherwise, this case does turn on PERB's interpretation of the Taylor Law and not

on any interpretation by PERB of the Education Law. As revealed by the record, both PERB and petitioners are in agreement that the financial disclosure requirements of Education Law § 2590-g (14) are discretionary since petitioners have apparently abandoned any argument that financial disclosure requirements were *mandated* by the Education Law. Such an argument could not be persuasive since Education Law § 2590-g (14) was added to the statute in 1975 and petitioners' regulations were not adopted until 1984. Accordingly, this case turns on whether the imposition of financial disclosure requirements are terms and conditions of employment which are mandatory subjects for collective bargaining *(see,* Civil Service Law § 204 [2]; § 209-a [1] [d]) and whether PERB's determination that they were should be accorded deference.

In our view, PERB's determination should be annulled. While PERB is usually given discretion in determining what issues constitute mandatory subjects for collective bargaining, there are exceptions where certain matters otherwise deemed terms and conditions of employment are prohibited from collective bargaining. This is where there is "plain and clear" language against it in a statute *(Syracuse Teachers Assn. v Board of Educ.,* 35 NY2d 743, 744) or where there is a public policy explicitly or implicitly prohibiting collective bargaining derived from a statute or statutory scheme *(Matter of Susquehanna Val. Cent. School Dist. [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614, 616-617).

Here, we find an example of the latter exception *(see, Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 778). While Education Law § 2590-g (14) and the various other provisions in the Education Law permitting the imposition of financial disclosure requirements of certain employees *(see, e.g.,* Education Law § 2590-e [20]; § 2590-g [13]) do not explicitly forbid collective bargaining as to this subject, it is our view that this prohibition is implicit in such provisions *(see, supra; see also, Board of Educ. v Areman,* 41 NY2d 527, 534). Undeniably, there is a strong public policy to detect and deter corruption and conflict of interest. The Second Circuit Court of Appeals has held such policy to be a substantial, possibly even a compelling, State interest *(see, Barry v City of New York,* 712 F2d 1554, 1560, *cert denied* 464 US 1017; *see also, Kaplan v Board of Educ.,* 759 F2d 256, 261-262; *Matter of Levitt v Board of Collective Bargaining,* 140 Misc 2d 727).

In reaching its determination that financial disclosure re-

quirements are mandated subjects of collective bargaining, PERB applied a balancing test in which it weighed the State's interest in deterring and detecting corruption against the privacy interests of the employees. Factoring in also the public policy of encouraging collective bargaining, PERB concluded that the privacy rights of the affected employees outweighed the public interest in avoiding corruption. We find this oversimplified analysis inadequate as it appears to pay insufficient attention "to the fact that the public interest in avoiding corruption * * * is of enormous importance to government in carrying out its core concerns" *(Matter of Levitt v Board of Collective Bargaining, supra,* at 738). PERB apparently disregarded numerous decisions in this area which have held that whatever constitutionally protected privacy interests may be affected by the disclosure requirements are outweighed by the governmental interest in avoiding corruption and conflicts of interest *(see, Kaplan v Board of Educ., supra; Barry v City of New York, supra; Evans v Carey,* 40 NY2d 1008; *Hunter v City of New York,* 58 AD2d 136, *affd* 44 NY2d 708). The case of *Rapp v Carey* (44 NY2d 157), relied on by respondents, is inapposite since it holds that employees' privacy rights are not overborne by unlawfully passed executive orders. Here, the Board's regulations are derived from implicit and explicit statutory direction.

In sum, we find that, in light of the strong public interest in detecting and deterring corruption, the imposition of financial disclosure requirements is a prohibited subject of collective bargaining. It would be absurd to require the Board here to negotiate over anticorruption measures with the very employees whose honesty and integrity are at issue. In light of our finding that PERB's determination should be annulled, we find it unnecessary to address the remaining issues raised by petitioners.

CASEY, J. P., MIKOLL, YESAWICH, JR., and MERCURE, JJ., concur.

Judgment reversed, on the law, with costs, determination annulled and petition granted.