In the Matter of SUSAN JOHN, Respondent-Appellant, v NEW YORK STATE ETHICS COMMISSION, Appellant-Respondent.

Third Department, March 26, 1992

---

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Patrick Barnett-Mulligan* and *Peter G. Crary* of counsel), for appellant-respondent.

*Paul M. Whitaker* for respondent-appellant.

### OPINION OF THE COURT

WEISS, P. J.

In what appears to be a case of first impression, we are today called upon to reconcile the provisions for disclosure of public records authorized by the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) with certain provisions of Executive Law § 94 which, *inter alia,* delineate respondent's functions, powers and duties. The issue in this case distills to whether an annual financial disclosure statement filed with respondent may be photocopied, photographed or otherwise reproduced upon demand made under FOIL or whether Executive Law § 94 (17) (a) permits only the inspection of an annual financial disclosure statement as redacted without concomitantly permitting such records to be reproduced.

The facts are relatively uncomplicated. On October 19, 1990, respondent denied a telephone request made by petitioner for a copy of the most recent annual financial disclosure statement filed by John Stanwix, the chair of the Monroe County Republican Committee, pursuant to the requirements of Public Officers Law § 73-a (2) (a). The denial was based upon a regulation promulgated by respondent which states that: "The

statements are not available for photocopying, photographing or mechanical duplication in any manner. Handwritten notes may be taken" (19 NYCRR 937.5 [c]).

Petitioner thereupon commenced this CPLR article 78 proceeding seeking a judgment (1) declaring that 19 NYCRR 937.5 (c) is illegal, (2) granting a permanent injunction preventing enforcement of the regulation, (3) directing that respondent be required to provide petitioner with a copy of the requested record at a cost not to exceed 25 cents per page, and (4) awarding petitioner counsel fees pursuant to Public Officers Law § 89 (4) (c) or CPLR article 86 and permitting her to particularize her fee application. Petitioner also moved by order to show cause for the relief demanded in the petition and for a preliminary injunction prohibiting enforcement of the regulation pending final judgment.

Supreme Court ordered respondent to supply petitioner with a copy of the requested financial disclosure statement after deletion of those portions exempted from disclosure by statute upon payment of a reasonable fee and denied the petition in all other respects. Respondent has appealed from so much of the judgment as required that a copy of the statement be furnished. Petitioner has cross-appealed from so much of the judgment as denied the remainder of the relief sought in her petition.

Executive Law § 94 (17) (a) states that:

"Notwithstanding the provisions of article six of the public officers law, the only records of [respondent] which shall be available for public inspection are:

"(1) the information set forth in an annual statement of financial disclosure filed pursuant to section seventy-three-a of the public officers law except the categories of value or amount, which shall remain confidential".

■ Contrary to the determination by Supreme Court, Executive Law § 94 (17) (a), enacted subsequent to the enactment of FOIL, clearly purports to remove from the provisions of FOIL respondent's records. Further, Public Officers Law § 87 (2) contemplates such circumstances by specifically providing that each agency may:

"deny access to records or portions thereof that:

"(a) are specifically exempted from disclosure by state or federal statute;

"(b) if disclosed would constitute an unwarranted invasion

of personal privacy under the provisions of subdivision two of section eighty-nine of this article".

In effect, the standards governing disclosure under the Executive Law are substituted for those set forth in FOIL.

Under FOIL, the Legislature has declared the need for a free society to have access to governmental records and established a liberal and open policy of inspection (Public Officers Law § 84; *see,* Public Officers Law § 100 *et seq.* [Open Meetings Law]).* By the same token, the Legislature has expressed its concerns about general access to private data of individuals *(see,* Public Officers Law art 6-A [Personal Privacy Protection Law]; § 89 [2]; *see also,* Civil Rights Law art 5).

Both the obligation to disclose and the right to privacy focus upon the financial, business and professional activities of public officials, State employees and officers of political parties to the end that potential conflicts of interest or corruption may be exposed. In most situations the details of these personal affairs are quite unrelated to government operations. The State, in resolving these concerns, established respondent and mandated forms to be filed which contain extensive disclosure of personal finances *(see,* Public Officers Law §§ 73, 73-a). In so doing, however, a standard for public inspection of respondent's records quite distinct from the disclosure provisions of FOIL was established, and the competing interests of public disclosure and personal privacy were appropriately addressed and balanced *(see, Watkins v New York State Ethics Commn.,* 147 Misc 2d 350). It is within this context that we analyze respondent's promulgation of 19 NYCRR 937.5 (c) which interprets the public inspection requirement under Executive Law § 94 (17) (a).

■ We initially note that the word "copying" does not appear in Executive Law § 94 (17) (a) unlike in FOIL, where that word is associated with the word "inspection" throughout *(see,* Public Officers Law § 87 [2]; § 88 [2] [i]; [3] [c]; *see also,* Public Officers Law § 87 [1] [b] [iii]; § 88 [1] [c]; § 89 [3]). We further note that the obligation to permit public inspection does not, within its definition, include a commensurate obligation to permit copying. Respondent has concluded, after weighing the competing interests in the context of the purpose for the disclosure of detailed personal financial data, that only limited disclosure to the public is appropriate. We find that determination as expressed in the form of 19 NYCRR 937.5 (c)

---

* Executive Law § 94 (17)(b) exempts respondent from the Open Meetings Law.

to be neither illegal nor arbitrary and capricious. It is well settled that the construction of a statute by an agency charged with its administration will be upheld if not irrational or irresponsible *(see, Matter of Dental Socy. v New York State Tax Commn.,* 148 AD2d 791, 792; *see also, Grossman v Baumgartner,* 17 NY2d 345, 349; *Matter of Shattenkirk v Finnerty,* 97 AD2d 51, *affd* 62 NY2d 949).

We further find that the subject regulation has a rational basis in attempting to strike a balance between public disclosure and the right to personal privacy. The public is free to review and acquire the information. The scrutiny by respondent and the possibility of public examination encourages complete accuracy in the preparation of the disclosure form. Concomitantly, the limitation on reproduction prevents wholesale invasion into deeply personal data and seeks to limit improper use of the information, a difficult task once that information has left respondent's offices as a photocopy, photograph or other mechanical reproduction. Moreover, those subject to disclosure have an expectation of personal privacy which is furthered to some extent by this regulation, even while not absolute *(see, Hunter v City of New York,* 58 AD2d 136, 140-142, *affd* 44 NY2d 708). While the minimal limitation does not seriously restrict public access where there is a specific interest, it does reflect sensitivity to privacy and provides a safeguard against widespread dissemination of the contents of filings which could have a commercial value totally unrelated to the governmental function served by its compilation. We observe that while petitioner's request for the disclosure form of this single individual does not rise to that undesirable level, petitioner's interests are adequately met through the right to inspect and to make handwritten notes.

With respect to the remaining issues raised by petitioner on her cross appeal, we have considered them and find them to be without merit. Supreme Court's decision on these points should therefore be upheld.

LEVINE, MERCURE, MAHONEY and CASEY, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as required respondent to provide petitioner with a photocopy of the requested records; said portion of the petition dismissed; and, as so modified, affirmed.