Allen HERSCHAFT, Plaintiff,

v.

**THE NEW YORK CITY CAMPAIGN FINANCE BOARD, Defendant.**

**No. 00 CV 3754 CBA.**

United States District Court, E.D. New York.

Jan. 18, 2001.

Allen S. Herschaft, New York, NY, pro se.

Amy M. Loprest, Jonathan Wayne, Sue Ellen Dodell, New York City Campaign Finance Board, New York, NY, for N.Y. City Campaign Finance Board, defendant.

## MEMORANDUM AND ORDER

AMON, District Judge.

The Court denied *pro se* plaintiff Allen Herschaft's motion for a preliminary injunction and dismissed his amended complaint in a Memorandum and Order ("Order") dated December 8, 2000. In the amended complaint, plaintiff challenged the constitutionality of Section 3–03(c)(4)(i) of Title 52 of the Rules of the City of New York and Section 3–703(6) of New York City's Administrative Code and Charter, which require that candidates for City offices seeking public matching funds comply with certain disclosure obligations. Plaintiff now moves for reconsideration pursuant to Fed.R.Civ.P. 59(e), or for relief from judgment pursuant to Fed.R.Civ.P. 60.[1]

The standard for granting a motion for reconsideration pursuant to either Fed. R.Civ.P. 59(e) or Local Civil Rule 6.3 is "strict, and reconsideration will generally be denied." *In re Health Management Sys. Inc. Secs. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (quoting *Ursa Minor Ltd. v. Aon Fin. Prods., Inc.*, 00 Civ. 2474, 2000 WL 1279783, at *1 (S.D.N.Y. Sept.8, 2000)). A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked "controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." *Range Road*

---

1. Plaintiff also purports to rely on Fed. R.Civ.P. 61, but that rule does not provide a basis for amending or setting aside a judgment.

*Music, Inc. v. Music Sales Corp.,* 90 F.Supp.2d 390, 392 (S.D.N.Y.2000) (quoting *Yurman Design, Inc. v. Chaindom Enters., Inc.,* No. 99 Civ. 9307, 2000 WL 217480, at *1 (S.D.N.Y. Feb.22, 2000)). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." *Griffin Indus., Inc. v. Petrojam, Ltd.,* 72 F.Supp.2d 365, 368 (S.D.N.Y.1999). These limitations are intended to "ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." *Range Road,* 90 F.Supp.2d at 392 (quotation omitted).

Plaintiff does not present any circumstances that persuade the Court to amend its prior Order of December 8, 2000. In his submissions, plaintiff reargues issues already addressed by this Court, presents new evidence and legal authority for the Court to consider, and asserts an equal protection challenge for the first time. These contentions are for the most part improper on a motion to reconsider and are in any event unavailing.

First, plaintiff argues that the Court was mistaken in stating in its Order that plaintiff "did not contend in his papers that harassment of his contributors was a concern in soliciting their addresses." (Order at 10–11.) However, plaintiff does not refer the Court to pages in either his amended complaint, Memorandum for Motion of Preliminary Injunction, or Reply Brief to Defendant's Memo in Opposition where he makes such allegations, and the Court,

having reviewed plaintiff's papers once more, is unable to find any.[2]

Instead, plaintiff refers the Court to the letter he sent to defendant New York City Campaign Finance Board on May 9, 2000, which states that the challenged disclosure requirements are "oppressive, constitute harassment and would be a burden or strain on small scale contributors...." (Affidavit of Nicole A. Gordon, sworn to Oct. 4, 2000, Ex. C at 2–3.) This statement plainly does not allude to the possible harassment of plaintiff's supporters by third parties.

Plaintiff also refers the Court to his affidavit seeking an Order to Show Cause submitted on June 26, 2000 with his original complaint. There, plaintiff states:

Furthermore, the plaintiff has a likelihood of success on the merits because the Supreme Court has held in *Buckley v. Valeo,* 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976) that if there were evidence of impairments of First Amendment rights such that for example, there was a reasonable probability that harassment or threats to contributors resulted from the compelled disclosures then the Court would review the constitutionality of the disclosure requirement with strict scrutiny 424 U.S. at 75–83, 96 S.Ct. at 660–66. Plaintiff avers that the compelled campaign disclosures that the defendant is requiring of the plaintiff to produce in cases involving contribution amounts that are under $10, violate the first amendment rights of the contributors who wish to

---

**2.** The closest plaintiff comes to making such an allegation is on pages 2–3 of his memorandum in support of his preliminary injunction motion, where he states:

[D]efendant's disclosure law is also violating plaintiff's and his supporters Freedom of Privacy, Confidentiality—making it more difficult for supporters to contribute to plaintiff's campaign, because they feel that

it is constituting harassment, with respect to giving out personal information while contributing small sums to plaintiff's campaign.

This statement appears to contend that the requirements are burdensome on contributors, however, not that plaintiff's constituents fear they will be harassed if their names and addresses are disclosed publicly.

donate to the Plaintiffs campaign in that said disclosures interfere with their 1st Amendment right of Freedom of Religion.[3] (Affidavit of Allen Herschaft, sworn to June 26, 2000, at 1–2.) While plaintiff certainly mentions the Supreme Court's ruling in *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976), that minor party or independent candidates might be exempted from the provisions of the Federal Election Campaign Act of 1971 ("FECA") if they can show that the compelled disclosure of their contributors' names would subject those contributors to threats, harassment, or reprisals, there is no indication from plaintiff's affidavit that he was relying on such exemption in this case. Rather, plaintiff's affidavit explicitly states that he was instead relying on a free exercise challenge to the New York City campaign disclosure laws.

 Regardless, plaintiff's argument is insignificant because the Court considered and rejected his generalized allegations of potential harassment in its prior Order. Even considering the new evidence that plaintiff presents, which was improperly submitted and could be disregarded out of hand,[4] the Court remains of the opinion that plaintiff's assertion that the disclosure of his contributors' names and addresses will subject them to harass-

ment is "highly speculative." *Buckley*, 424 U.S. at 70, 96 S.Ct. 612. Although the recent acts of violence against Jews in New York City are deplorable, there is simply no basis thereupon to conclude that contributors to plaintiff's campaign for City Council will be targeted for threats or harassment. The letters submitted together with plaintiff's motion are likewise not persuasive on this point. The unadorned opinions of two individuals, Rabbi Chaim A. Stamm and Bernard Zakarin, that Orthodox Jews would be discouraged from contributing to plaintiff's campaign if they were required to disclose their names or addresses for fear of reprisals, are not sufficient to permit this Court to conclude that there is a reasonable probability that plaintiff's supporters would in fact be subject to threats or harassment if their names and addresses were publicly available.[5]

 Second, plaintiff urges the Court to reconsider several of his claims that the Court addressed thoroughly in its prior Order. A motion for reconsideration, however, does not provide a forum for the non-prevailing party to reargue issues that the Court has already decided. *See, e.g., United States ex rel. Mikes v. Straus*, 84 F.Supp.2d 427, 441 (S.D.N.Y.1999); *University of California Press v. G.A. Insur. Co. of New York*, CV–94–4950, 1996 WL

---

3. This quotation is unaltered from the original.

4. Plaintiff submitted with his motion several newspaper articles discussing recent attacks on Jews in New York City coinciding with the escalation of violence in the Middle East, and letters from Bernard Zakarin and Rabbi Chaim A. Stamm. These submissions are inappropriate for the Court to consider on a motion to reconsider. *See* Local Civ. Rule 6.3 ("No affidavits shall be filed by any party unless directed by the court."); *Laxer v. NBA Properties, Inc.*, 96 CV 4449, 1998 WL 372475, at *1 (E.D.N.Y. Apr.28, 1998) ("Rule 59(e) does not give a losing party the opportu-

nity to proffer additional information of evidence that was available but not previously introduced.") (quotation omitted).

5. The Court of course recognizes that the campaign disclosure provisions at issue could potentially deter some individuals who might otherwise contribute to plaintiff's campaign, *see Buckley*, 424 U.S. at 68, 96 S.Ct. 612, but absent a reasonable basis on which to conclude that plaintiff's contributors would be subject to harassment, there is no basis to exempt plaintiff from New York City's constitutional and otherwise generally applicable campaign finance laws.

497143, at *2 (E.D.N.Y. Aug.26, 1996), *aff'd*, 116 F.3d 466, 1997 WL 340375 (2nd Cir.1997). A Rule 59(e) motion is not a substitute for an appeal. *See Morales v. Quintiles Transnational Corp.*, 25 F.Supp.2d 369, 372 (S.D.N.Y.1998). Since plaintiff does not contend that the Court overlooked any controlling law that was presented to it, the Court will not disturb its conclusions that the challenged provisions survive the exacting scrutiny standard established in *Buckley* for campaign disclosure rules that potentially infringe on the First Amendment freedom of association, and that they do not implicate either the First Amendment's privilege of free speech or any Fourth Amendment right to privacy.[6]

■■ Third, plaintiff raises for the first time in his reply brief a new argument, asserting that the challenged disclosure provisions violate the Fourteenth Amendment's guarantee of equal protection because it unfairly burdens Orthodox Jews. Plaintiff is not permitted to raise such a new claim in a Rule 59(e) motion, and the Court will disregard it. *Building Indus. Fund v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL–CIO*, 992 F.Supp. 162, 186 (E.D.N.Y.1996). Rule 59(e) "review is narrow and applies only to already-considered issues; new arguments and issues are not be considered." *Morales*, 25 F.Supp.2d at 372. The Court notes, however, that even were it to consider the argument, it is plainly frivolous. The dis-

closure laws at issue do not expressly distinguish between candidates on the basis of religion, and there is no allegation that the laws are only enforced against candidates who are Orthodox Jews or that the laws were motivated by discriminatory animus against Orthodox Jews. Accordingly, the provisions do not violate the equal protection clause. *See Hayden v. County of Nassau*, 180 F.3d 42, 48 (2d Cir.1999).

■ The arguments addressed herein similarly fail to establish that plaintiff is entitled to relief from the Court's judgment pursuant to Rule 60(b). As with Rule 59(e), the standards governing the application of Rule 60(b) are strict. A court's final judgment should not "be lightly reopened." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981)). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer*, 793 F.2d 58, 61 (2d Cir.1986).

Plaintiff does not present any exceptional circumstances here; for the most part, he simply tries improperly to reargue issues that the Court has already decided or to advance new arguments attacking the constitutionality of the challenged disclosure provisions. The fact that plaintiff disagrees with the Court's opinion, without more, is not sufficiently extraordinary to merit relief from judgment.

---

**6.** In any case, the authority cited by plaintiff in the instant motion does not compel a different result. The Court has already distinguished *Hunter v. City of New York*, 58 A.D.2d 136, 396 N.Y.S.2d 186 (1st Dep't 1977), as it pertained to a statute requiring public officials to disclose personal financial information, such as the amount and nature of their income and investments. The other cases cited by plaintiff, *Nixon v. Shrink Missouri Government PAC*, 528 U.S. 377, 120 S.Ct. 897, 145 L.Ed.2d 886 (2000) and *Brown v. Socialist Workers '74 Campaign Comm. (Ohio)*, 459 U.S. 87, 103 S.Ct. 416, 74 L.Ed.2d 250 (1982) are similarly unpersuasive. In *Nixon*, the Supreme Court upheld Missouri's campaign contribution limitations against a First Amendment challenge. In *Brown*, the Supreme Court simply noted that the district court below did not decide whether Ohio's campaign disclosure statute was facially invalid because it did not have a monetary threshold, but did address the question itself. Neither decision is thus contrary to this Court's prior Order.

■ For the foregoing reasons, plaintiff's motion for reconsideration pursuant to Rule 59(e) or for relief from judgment pursuant to Rule 60(b) is denied. In addition, plaintiff's request, made after his motion was fully briefed, that the Court dismiss plaintiff's amended complaint without prejudice so as to allow him to preserve certain arguments is also denied. The Court had already considered and dismissed plaintiff's amended complaint in its entirety and with prejudice prior to his request to withdraw certain aspects of his complaint.[7]

SO ORDERED.

---

7. It should be noted that plaintiff has not requested the opportunity to further amend his amended complaint. In any event, the Court would not grant such a motion. Although Fed.R.Civ.P. 15(a) provides that leave to amend "shall be freely granted," the Court may within its discretion deny leave when amendment would be futile. *See Marchi v.* *Board of Coop. Educ. Servs. of Albany,* 173 F.3d 469, 478 (2d Cir.1999); *Jones v. New York State Div. of Military and Naval Affairs,* 166 F.3d 45, 50 (2d Cir.1999). In this case, the Court believes that amending plaintiff's amended complaint to include the additional evidence he presents on this motion to reconsider, or any similar evidence, would be futile.