■ In the Matter of SALAMON WALDMAN, Appellant, v VILLAGE OF KIRYAS JOEL et al., Respondents. [819 NYS2d 72]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Rosenwasser, J.), dated November 24, 2004, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The Supreme Court correctly determined that exclusive control over the handling and public inspection of the election-related documents requested by the petitioner under the Freedom of Information Law (hereinafter FOIL) is vested in the Orange County Board of Elections (*see* Election Law § 3-220 [1]). Thus, the petitioner's FOIL request, directed to the respondent Clerk of the Village of Kiryas Joel (hereinafter the Clerk), was properly, in effect, denied, since the Clerk had no authority to release or make copies of the requested documents. In any event, the petitioner would not have been entitled to dissemination of copies of the documents, as demanded in his FOIL request, since copies of such records may not be publicly disseminated, but are subject only to public inspection (*see* Election Law § 3-220 [2]; Public Officers Law § 87 [2] [a]; *cf. Matter of John v New York State Ethics Commn.*, 178 AD2d 51, 54 [1992]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Prudenti, P.J., Adams, Rivera and Lifson, JJ., concur.