MEMORANDUM OPINION AND ORDER
 

 SPRIZZO, District Judge.
 

 Plaintiffs Range Road Music, Inc. (“Range Road”), Jerry Leiber and Mike Stoller move for reconsideration pursuant to Local Civil Rule 6.3 of this Court’s denial of their motion for summary judgment, or in the alternative, for a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure enjoining defendants from continued exploitation of the copyrights at issue in the instant action. For the reasons set forth below, plaintiffs’ motions for reconsideration and a preliminary injunction are denied.
 

 DISCUSSION
 

 The standards governing motions for reconsideration or reargument are set forth in Local Civil Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure.
 
 See Yurman v. Chaindom Enterprises, Inc.,
 
 No. 99 Civ. 9307, 2000 WL 217480, *1 (S.D.N.Y. Feb. 22, 2000) (Keenan, J.);
 
 Davis v. The Gap, Inc.,
 
 186 F.R.D. 322, 323-24 (S.D.N.Y.1999). Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered
 
 *392
 
 by the court.
 
 See In re Houbigant, Inc.,
 
 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (A Rule 6.3 motion is “not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved”). Likewise, a motion for reconsideration is appropriate only where the movant demonstrates that “the Court has overlooked controlling decisions or factual matters that were
 
 put before it on the underlying motion ...
 
 and which, had they been considered, might have reasonably altered the result before the court.”
 
 Yurman Design Inc.,
 
 2000 WL 217480, at *1 (emphasis added) (internal citations omitted). The aforementioned limitation on motions for reconsideration is to ensure finality and to “prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters.”
 
 Carolco Pictures, Inc. v. Sirota,
 
 700 F.Supp. 169, 170 (S.D.N.Y.1988).
 

 Plaintiffs argue that the Court should reconsider its decision to deny their original motion for summary judgment because the Court purportedly overlooked (1) certain references in various documents transferring the copyrights at issue that support plaintiffs’ construction of those documents; (2) statements made by Range Road’s president, Freddy Bienstock, in an affidavit to this Court regarding his intentions to acquire the copyrights at issue; (3) certain hearsay statements made by Jimmy Van Heusen’s agent (who is deceased) in letters to Bienstock; and (4) controlling state law that prohibits the Court from relying on Van Heusen’s unprobated will in determining the ownership of the copyrights in this case.
 

 The Court concludes that plaintiffs’ motion largely restates the arguments that they made to the Court in their submissions and at oral argument of their motion for summary judgment, and which this Court addressed in its Memorandum Opinion and Order dated November 23, 1999. The Court considered plaintiffs’ arguments regarding the construction of the relevant documents that transferred the copyrights at issue here and rejected them. Similarly, the Court examined the affidavits and exhibits submitted by plaintiff in connection with their motion for summary judgment and was unpersuaded by them. The Court did not “overlook” plaintiffs’ arguments, affidavits or exhibits. Simply put, the Court rejected plaintiffs’ construction of the relevant documents and the significance of the plaintiffs’ affidavits and exhibits. That plaintiffs are unhappy with the Court’s decision to deny their motion for summary judgment affords no basis to support a motion for reconsideration.
 

 The Court also denies plaintiffs’ request that the Court remove the portion of its opinion that noted that the parties declined the Court’s twice offered invitation to brief the issue of the significance of Van Heusen’s will. By Orders dated July 10, 1998, and July 23, 1999, the Court directed the parties to provide copies of Van Heusen’s will and to brief the significance of the terms and effect thereof. Instead of providing the Court with a brief directed at resolving the issues raised by the Court, counsel for plaintiffs filed a three-page brief devoid of a single case citation to support their position that Van Heusen’s will is somehow inadmissible because it is an executory document that never governed the distribution of the copyrights at issue here. Apparently elaborating on this prior contention, plaintiffs’ counsel now argues that the will is inadmissible because it was never offered for probate and directs the Court to caselaw that the Court supposedly “overlooked” in deciding plaintiffs’ original motion for summary judgment. The Court did not “overlook” this argument or the associated caselaw, since plaintiffs’ counsel failed to make this argument or present the Court with any case-law (or legal authority) in connection with this aspect of their motion for summary judgment.
 
 [1]
 
 Accordingly, plaintiffs’ motion
 
 *393
 
 for reconsideration on this issue must be denied.
 

 Similarly, the Court denies plaintiffs’ motion for a preliminary injunction without prejudice since the instant motion for reconsideration is obviously not the appropriate vehicle in which to make an application for a preliminary injunction where such relief was not requested, nor considered by the Court, in plaintiffs’ original motion for summary judgment. Plaintiffs’ argument that such a request is appropriate because they asked for injunctive relief in their complaint is unpersuasive. In any event, plaintiffs’ request must be denied since it is made without any notice to the defendants, without citation to legal authority or a competent factual record, and without even the barest attempt to comply with the Federal Rules of Civil Procedure.
 

 CONCLUSION
 

 For all of these reasons, plaintiffs’ motion for reconsideration, or in the alternative for a preliminary injunction, shall be and hereby is denied. The parties shall appear for a telephonic Pre-Trial Conference on March 30, 2000 at 4:00 p.m.
 

 It is SO ORDERED.
 

 [1]
 

 . Plaintiffs’ reliance upon
 
 Reed v. Hayward,
 
 23 Cal.2d 336, 339-40 144 P.2d 561, 563
 
 *393
 
 (1943) for the proposition that an unprobated will is inadmissible as evidence of title is misplaced for two reasons. First, the
 
 Reed
 
 court reversed the trial court for failing to consider an unprobated will in an action to quiet title in certain real property since the will might have been probated before the commencement, of trial.
 
 See id.
 
 Moreover, it is well-settled under California law that both real and personal property pass to the devisee named in a will upon the death of the testator.
 
 See
 
 Cal Prob.Code § 7000 (West 1991) ("[TJitle to a decedent’s property passes on the decedent’s death to the person to whom ¡1 is devised in the decedent’s last will or, in the absence of such a devise, to the decedent’s heirs as described in the laws governing intestate succession.”);
 
 Reed,
 
 23 Cal.2d at 340, 144 P.2d at 563 (same). Thus, plaintiffs' argument that the copyrights passed by intestate succession is without merit since it is beyond dispute that Van Heusen disposed of his real and personal property by will, and title to that property passed to the devisees named therein upon his death.