**In re HEALTH MANAGEMENT SYSTEMS, INC. SECURITIES LITIGATION**

**No. 97 Civ. 1865 RMB JCF.**

United States District Court, S.D. New York.

Sept. 20, 2000.

Neil Zola, Daniel Krasner, Michael Jaffe, Wolf, Holdstein, Adler, New York City, Ariana J. Tadler, Sharon Mirsky, Milberg Weiss, Bershar, Hynes & Lerach, LLP, New York City, David Kessler, Richard Schiffrin, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, for plaintiffs.

I. Michael Bayda, Jacobs, Persinger & Parker, New York City, for defendant Laurence B. Simon.

Robert L. Sills, John Ertman, Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, for defendant Russel Carson Richard Stowe.

Brooks R. Burdette, Schulte, Roth & Zabel, LLP, New York City, for defendant John McIntyre.

Seth M. Schwartz, Skadden, Arps, Slate, Meagher & Flom, LLP, New York City, Howard J. Rhine, Bruce S. Coleman, Coleman, Rhine & Goodwin LLP, New York City, for defendant Health Management Systems.

## *ORDER*

BERMAN, District Judge.

By Order and Final Judgment, dated August 14, 2000 ("Order"), the Court approved, among other things, the instant class action settlement and awarded Plaintiffs' counsel attorneys' fees ($900,000) equal to 20% of the Settlement Fund as well as reimbursement of expenses ($136,-593.37)—for a total of $1,036,593.37. Plaintiffs' counsel now moves, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and Local Civil Rule 6.3, for reconsideration of that portion of the Order that declined to award them an **additional** $600,000 in attorneys' fees or 33 1/3% ($1.5 million) of the Settlement Fund.[1]

**For the reasons set forth below, Plaintiffs' counsel's motion for reconsideration is denied.**

*Analysis*

In this Judicial Circuit the standard for granting a Rule 59(e) motion "is strict, and reconsideration will generally be denied." *Ursa Minor Ltd. v. Aon Financial Products, Inc.,* 2000 WL 1279783 at *1 (S.D.N.Y. Sept.8, 2000) (citation omitted). *See also Range Road Music, Inc. v. Music Sales Corp.,* 90 F.Supp.2d 390, 391–92 (S.D.N.Y.2000) (Rule 59(e) "motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court"); *Roark v. City of*

*Hazen,* 189 F.3d 758, 761 (8th Cir.1999) ("[a] district court has broad discretion in determining whether to grant a motion for postjudgment relief ...") The Court recognizes "that reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu–Cape Construction, Inc.,* 169 F.R.D. 680, 685 (M.D.Fla.1996). *See also Range Road Music, Inc.,* 90 F.Supp.2d at 392 ("limitation on motions for reconsideration is to ensure finality and to 'prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters' ") (citation omitted); *Pennsylvania Insurance Guaranty Association v. Trabosh,* 812 F.Supp. 522, 524 (E.D.Pa.1992) ("[m]otions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources"). The instant application does not justify reconsideration.

**The premise underlying the Court's Order, respectfully, is that too many lawyers (43) and related staff, from too many law firms (7), billed too many hours (4,612.50) at substantial rates (some in excess of $500 per hour), for too little result (i.e., the drafting of two complaints; the defense of two motions to dismiss; and the negotiation for the Class of a $4.5 million Settlement Fund or approximately $0.38 per share), to justify an award in excess of $900,000 in attorneys' fees plus $136,593.37 in expenses.** The fees and expenses which have been awarded—in excess of $1 million—are, in the Court's view, quite substantial and fair. The Court reached its determination after carefully reviewing numerous briefs and affidavits.[2] The Court

---

1. Among other things, Plaintiffs' counsel argue that the Court's award of $900,000 in attorneys' fees "may have been the result of misperceptions based on unclear submissions by plaintiffs' counsel" and that the fee award should be increased based upon certain "ad-

ditional and clarified facts" that have now been provided to the Court. (Plaintiffs' Counsel's Brief at 1).

2. The briefs and affidavits submitted for the Court's review were as follows: Plaintiffs'

also held a hearing on June 28, 2000. *See* Transcript.

 Plaintiffs' counsel have now submitted additional information to the Court, seeking to supplement and clarify previous submissions. For example, Plaintiffs' counsel explains that three of the attorneys who billed time to this case were elevated from associate to partner during the pendency of the case; thus, some of their hours were billed when they were associates.[3]

Having reviewed Plaintiffs' counsel's "new" submissions, the Court believes that the total award of $1,036,593.37—$900,000 in attorneys' fees plus $136,593.37 in expenses—is reasonable, fair and appropriate compensation for Plaintiffs' counsel. The new submissions do not change the fact that: (i) the results achieved by Plaintiffs' counsel were relatively modest; (ii) Plaintiffs' counsel did not engage in any formal discovery and (essentially) defended two motions to dismiss; and (iii) many lawyers billed many hours at high rates in order to achieve a relatively modest result. *See* Order at 21–22, 32–36. That the Court helped bring the two sides together on this matter to reach a settlement— saving additional hourly fees—in no way detracts from the Court's view that a fee award of $1.5 million (whether analyzed by the percentage of the fund, lodestar, or any other method) is—simply—too high.

---

*Memorandum of Law in Support of Final Approval of Proposed Settlement; Plaintiffs' Memorandum of Law in Support of Plaintiffs' Counsel's Application for a Joint Award of Attorneys' Fees and Expenses; the Affidavit of Daniel Krasner in Support of Plaintiffs' Counsel's Application for Final Approval of Settlement and for a Joint Award of Attorneys' Fees and Expenses, plus exhibits; the Affidavit of Daniel Krasner in Support of Plaintiffs' Counsel's Application for a Joint Award of Attorneys' Fees and Expenses; and the Appendix to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Counsel's Application for a Joint Award of Attorneys' Fees and Expenses.*

**3.** This information does not really go to the "heart of the matter." Moreover, it is well settled that a Rule 59 motion may not be used to raise arguments or present evidence that could reasonably have been presented before the entry of judgment. *See, e.g., Lostumbo v. Bethlehem Steel, Inc.,* 8 F.3d 569, 570 (7th Cir.1993) ("[t]he district court did not abuse its discretion in determining that the affidavit Lostumbo sought to introduce was available during the pendency of the summary judgment motion, and it therefore properly dismissed Lostumbo's Rule 59 motion"); *Medley v. Westpoint Stevens, Inc.,* 162 F.R.D. 697, 699 (M.D.Ala.1995) ("[o]verwhelmingly, courts hold that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during pendency of the motion"). *Cf. Range Road Music, Inc.,* 90 F.Supp.2d at 392 ("a motion for reconsideration is appropriate only where the movant demonstrates that 'the Court has overlooked controlling decisions or **factual matters that were put before it on the underlying motion** ...'") (citation omitted) (emphasis added). The award of attorneys' fees is not a mere rubber stamp of counsel's fee request.