**BANCO DE SEGUROS DEL ESTADO, Petitioner,**

v.

**MUTUAL MARINE OFFICES, INC., Respondent.**

**No. 02 Civ. 467(SAS).**

United States District Court, S.D. New York.

April 3, 2003.

---

Jorge W. Moreira, The Moreira Law Firm, P.C., New York City, for Petitioner.

Daniel Hargraves, James D. McConnell Jr., Hargraves McConnell & Costigan, P.C., New York City, for Respondent.

## MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

On February 27, 2001, Mutual Marine Offices, Inc. ("MMO") commenced an arbitration against Banco de Seguros del Esatdo ("Banco") for breach of contract. During the proceedings, the arbitration panel (the "Panel") issued two interim orders in favor of MMO. This Court confirmed the two orders and Banco appealed the confirmations to the Second Circuit. On October 17, 2002, while the appeal was pending, the Panel issued a final award (the "Award") in favor of MMO. Banco now moves to vacate the Award, and in the alternative, Banco moves to stay confirmation of the Award pending its appeal of the Court's prior rulings. MMO cross-moves for confirmation of the Award. For the reasons set forth below, Banco's motion is denied and the Award is confirmed.

## I. BACKGROUND

Banco is an Uruguayan corporation wholly owned by the Government of Uruguay. *See Banco de Seguros del Estado v. Mutual Marine Offices, Inc.*, 230 F.Supp.2d 362, 364 (S.D.N.Y.2002) (*"Banco I"*). MMO is a corporation organized under the laws of New York. *See id.* Banco and MMO were parties to the Casualty Umbrella Liability Quota Share Treaty ("Umbrella Agreement") during various periods between June 1, 1978 and January 1, 1984. Pursuant to the Umbrella Agreement, Banco was responsible for a percentage of MMO's net liability on certain policies. *See id.* MMO claims that in 1995

Banco ceased making payments under the Umbrella Agreement. *See id.* As a result, in 2001, MMO sought relief pursuant to the terms of the Umbrella Agreement's arbitration clause.

### A. Interim Arbitration Orders

On November 26, 2001, the Panel issued Interim Order # 1, which directed Banco to post a letter of credit for $708,714.04, the amount of damages sought by MMO. *See id.* at 366. Banco requested reconsideration of Interim Order # 1, arguing that the Order was premature and beyond the scope of the Umbrella Agreement's arbitration clause. *See id.* On December 19, 2001, the Panel issued Interim Order # 2, which denied Banco's motion for reconsideration. *See id.* at 367.

After the Panel denied Banco's motion, Banco requested that this Court vacate the Interim Orders. However, the request was denied and the Court confirmed the Interim Orders on August 6, 2002. *See id.* One month later, the Court denied Banco's motion for reconsideration and Banco was required to post the pre-judgment security. *See Banco de Seguros Del Estado v. Mutual Marine Offices, Inc.,* 230 F.Supp.2d 427 (S.D.N.Y.2002). Banco has not complied with the Court's order and Banco's appeal is pending before the Second Circuit.

### B. Final Arbitration Award

On October 17, 2002, the Panel issued its Final Award. Final Award, Ex. E to 2/25/03 Declaration of Daniel A. Har-

graves, attorney for MMO ("Hargraves Decl."). The Award requires Banco to pay $198,724 to MMO plus interest. *See id.* ¶ 2. Banco was also ordered to post a letter of credit in the amount of $416,532 within thirty days after the order. *See id.* ¶ 3. Finally, the Award ordered Banco to pay MMO a sum equal to the reasonable outside attorneys' fees incurred by MMO. *See id.* ¶ 5. On February 12, 2003, the Panel issued a Quantification Order, which quantified the amount of interest and attorney fees provided for in the Award. *See* Quantification Order, Ex. F to Hargraves Decl.

In response to the Panel's decision, Banco brought this motion to vacate the Award. Banco also seeks to modify the Award "to the extent of staying confirmation and enforcement of the [A]ward pending the outcome of the appeal." [1] Banco's Notice of Motion ¶ 2. MMO cross-moves for confirmation of the Award.

## II. LEGAL STANDARD

 The Inter–American Convention on International Commercial Arbitration ("Inter–American Convention") applies when an arbitration arises from a commercial relationship between citizens of signatory nations, in this case, the United States and Uruguay. *See* 9 U.S.C. § 301 (2002); *Productos Mercantiles E. Industriales, S.A. v. Faberge USA, Inc.,* 23 F.3d 41, 44 (2d Cir.1994). "The Inter–American Convention incorporates the [Federal Arbitration Act's ("FAA") ] terms unless they are in conflict with the Inter–American Convention's terms." *Productos Mercan-*

---

[1] MMO argues that this motion is time-barred because it was not brought within three months after the Award was issued on October 17, 2002. Pursuant to 9 U.S.C. § 12, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party ... within three months after the award is filed or delivered." Banco served the Notice of Motion on January 17, 2003, but did not serve the accompanying affidavit until four days later. *See* MMO's Memorandum in Opposition to Motion to Vacate at 10. Nevertheless, this action is timely because the Notice of Motion was served within three months after the Award was delivered and it is irrelevant that the accompanying affidavit was served a few days later.

*tiles*, 23 F.3d at 45 (citing 9 U.S.C. § 307). Accordingly, a court applying the Inter–American Convention may vacate an arbitration award based on the grounds recognized under the FAA.[2] *See* 9 U.S.C. § 10(a); *International Ins. Co. v. Caja Nacional de Ahorro v Seguro*, No. 00 C 6703, 2001 WL 322005, at *3 (N.D.Ill. Apr. 2, 2001), *aff'd*, 293 F.3d 392 (7th Cir.2002); *The Home Ins. Co. v. Banco de Seguros del Estado*, No. 98 Civ. 6022, 1999 U.S. Dist. LEXIS 22478 (S.D.N.Y. Feb. 28, 1999). In addition to the statutory provisions, an award may be vacated if it was rendered in "manifest disregard of the law." *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 28 (2d Cir.2000). The FAA also grants courts the authority to modify awards in certain limited circumstances.[3] *See* 9 U.S.C. § 11.

■■■■ An arbitration award that is not vacated or modified, may be confirmed by a court. "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984). Under the Inter–American Convention, a district court's role in reviewing an arbitral award is strictly limited. The court is required to confirm the award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [Inter–American] Convention."[4] 9 U.S.C.

---

2. The statutory grounds for vacatur under 9 U.S.C § 10(a) are:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

3. Pursuant to 9 U.S.C. § 11, an arbitration award may be modified:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

4. The seven specific grounds for refusal listed in the Inter–American Convention are: (1) the parties to the agreement were subject to some incapacity under the applicable law or that the agreement is not valid under the law to which the parties have submitted it, or, if such law is not specified, under the law of the State in which the decision was made; (2) the party against which the arbitral decision has been made was not duly notified of the appointment of the arbitrator or of the arbitration procedure to be followed, or was unable, for any other reason, to present his defense; (3) the decision concerns a dispute not envisaged in the agreement between the parties to submit to arbitration; nevertheless, if the provisions of the decision that refer to issues submitted to arbitration can be separated from those not submitted to arbitration, the former may be recognized and executed; (4) the constitution of the arbitral tribunal or the arbitration procedure has not been carried out in accordance with the terms of the agreement signed by the parties or, in the absence of such agreement, that the constitution of the arbitral tribunal or the arbitration procedure had not been carried out in accordance with the law of the State where the arbitration took place; (5) the decision is not yet binding on the parties or has been annulled or suspended by a competent authority of the State in which, or according to the law of which, the decision has been made; (6) the subject of the dispute cannot be settled by arbitration under the law of the State; or (7) the recogni-

§ 302 (incorporating 9 U.S.C. § 207); *see also Employers Ins. of Wausau v. Banco De Seguros Del Estado,* 199 F.3d 937, 942 (7th Cir.1999).

## III. DISCUSSION

■ The Panel's Award must be confirmed for three reasons. *First,* there are no grounds for vacating the Award under the provisions of the Inter–American Convention. The Inter–American Convention allows vacatur when the conduct and behavior of the arbitrators is at issue. The Award was issued after Banco "was granted every opportunity to have a full and fair hearing on the subject of its liability." Final Award ¶ 2. The Panel fully reviewed the evidence presented during the hearing and concluded that MMO established Banco's liability. There are no allegations of misconduct by the arbitrators and Banco does not challenge the arbitrator's actions nor the arbitration process. Instead, Banco states that it only brings this motion "to avoid creating the appearance that it has mooted its appeal to the Second [C]ircuit Court of Appeals by acquiescing in the confirmation of the [Final Award]." *See* Banco's Memorandum in Support of Its Motion to Vacate at 2. Banco's motion to vacate is solely driven by its legal strategy for the appeal and lacks any merit whatsoever.

■ *Second,* there are no grounds to modify the award and stay its enforcement pending appeal of this Court's prior opinions. Modification is proper when the arbitration award has obvious mistakes that may be corrected by a court. *See Productos Mercantiles,* 23 F.3d at 45–46. Altering the Award such that its enforcement is prolonged pending the appeal is not the

---

type of modification provided for under 9 U.S.C. § 11. Furthermore, Banco has not provided any reason why it would suffer harm or substantial injury if the Award is enforced pending the appeal. Similar to the motion to vacate, Banco's motion to modify the Award is without merit and is denied.

■ *Finally,* the Award must be confirmed because none of the grounds for refusing confirmation under the Inter–American Convention are applicable. *See* 9 U.S.C. § 301. Section 301 is very specific and Banco does not attempt to argue that one of these limited exceptions prohibits confirmation of the Award. Moreover, the arbitrators did not exceed their authority and did not make any finding in manifest disregard of the law. *See Pike v. Freeman,* 266 F.3d 78, 86 (2d Cir.2001) ("Federal court review of an arbitral judgment is highly deferential; such judgments are to be reversed only where the arbitrators have exceeded their authority or made a finding in manifest disregard of the law.") (citation omitted). Therefore, MMO's cross-motion to confirm the Award is granted.

## IV. CONCLUSION

For the foregoing reasons Banco's motion is denied and the Panel's Final Award and Quantification Order[5] are hereby confirmed. The Clerk is directed to close these motions.

SO ORDERED.

---

tion or execution of the decision would be contrary to the public policy of the State of the tribunal. *See* 9 U.S.C. §§ 207, 301.

**5.** The Quantification Order, which quantifies ambiguous terms in the Award, must be confirmed as part of the Award.