ARBITRON, INC., Plaintiff,

v.

TRALYN BROADCASTING, INC., JMD, Inc., d/b/a WLNF–FM/WROA–AM/WZKX–FM/WGCM–AM–FM, Defendants.

No. 01 Civ.9652 RWS.

United States District Court,
S.D. New York.

Oct. 24, 2003.

Ostrolenk, Faber, Ferb & Soffen, New York, NY (Alfred R. Fabricant, Lawrence C. Drucker, Douglas Q. Hahn, of counsel), for plaintiff.

Lawrence J. Bernard, Jr., Washington, DC, for Defendant JMD, Inc.

*OPINION*

SWEET, District Judge.

Plaintiff Arbitron, Inc. ("Arbitron") has moved under Rule 60(b), Fed.R.Civ.P., for relief from the summary judgment granted by order of June 5, 2003, *Arbitron v. Tralyn Broadcasting, Inc.*, 269 F.Supp.2d 264 (S.D.N.Y.2003), dismissing the complaint against defendant Tralyn Broadcasting, Inc., JMD, INC., d/b/a WLNF–FM/WROA–AM/WZKX–FM/WGCM–AM–FM

("JMD"). For the reasons set forth below, the motion is denied.

### Prior Proceedings

Arbitron initiated this action on November 1, 2001 to enforce its agreement with JMD to provide audience listening data. JMD moved for summary judgment to recover the amounts paid to Arbitron and to dismiss the complaint. On June 5, 2003, an order was entered granting the motion of JMD for summary judgment dismissing Arbitron's complaint (the "June 5 Opinion") and denying its claim for moneys paid to Arbitron. Judgment was entered in favor of JMD on the June 5 Opinion on June 26, 2003 (the "Judgment").

On June 23, 2003 Arbitron moved for reconsideration of the June 5 Opinion, a motion which was denied by endorsement on June 26, 2003 as untimely.

On July 2, 2003 Arbitron moved under Rule 60(b), Fed.R.Civ.P. to vacate the Judgment. The motion was marked fully submitted on August 4, 2003.

### The Facts

The facts as gleaned from the parties' submissions on JMD's motion for summary judgment were undisputed and set forth in the June 5 Opinion, familiarity with which is assumed.

Arbitron and Tralyn entered into an agreement in 1997 (the "Agreement") under which Arbitron provided listening data reports for use in connection with the operation of radio station WLUN in the Gulfport, Mississippi area. The Agreement provided for a term of five years and required Tralyn to notify Arbitron if a change of ownership occurred which would result in a change of the fee payable for Arbitron's service.

This event occurred in October 1999 when JMD acquired Tralyn's assets, including its station. JMD owned or controlled four other stations in Gulfport markets. Unaware of this change of ownership, Arbitron provided its Fall 1999 Rating and Research Data in February 2000.

By June 2000, Arbitron notified JMD that it was aware of the change of ownership and redetermined its fee for a five station license. JMD refused to pay the redetermined fee and stopped paying the previously determined monthly fee. Arbitron ceased providing its service, and this litigation ensued.

According to the June 5 Opinion and the Judgment, JMD violated the Agreement by failing to notify Arbitron of the change in ownership and refusing to continue the payments of the prior fee. Arbitron discontinued its service. The parties thus terminated their relationship. The effect of the June 5 Opinion and the Judgment was that the Agreement by its terms failed to provide for any method to redetermine any amount that Arbitron might be owed for the period from the change of ownership to the time it ceased providing service to JMD.

### Rule 60(b) Relief is Denied

At the time of the submission of the JMD motion for summary judgment, Arbitron took the position that "the Agreement is clear and definite and provides a clear expression of the parties' interests," (Arbitron's Opp. Mem. at 4), and that the Agreement "provides all terms necessary to calculate the Adjusted Rate depending on the number of radio stations owned or controlled by the licensee." (Arbitron's Opp. Mem. at 15). The June 5 Opinion stated a contrary conclusion, namely, that the Agreement lacked any provision for determining the rate to be charged in the event of a change of ownership, and the Judgment dismissed the Arbitron complaint on this basis.

Having failed to move in timely fashion for reargument, Arbitron seeks to vacate the Judgment under Fed.R.Civ.P. 60(b) on the ground that extrinsic evidence of trade practice would resolve the ambiguity in the Agreement resulting from the absence of any terms in the Agreement with respect to the methodology for determining the adjusted rate. It is Arbitron's present position that further discovery would establish the trade practice on which it now relies.[1]

According to Arbitron, the June 5 Opinion was not correctly decided. Rule 60(b) does not provide the appropriate remedy. As held in *Devino v. Duncan,* 215 F.Supp.2d 414 (S.D.N.Y.2002):

> Rule 60(b) sets forth the grounds on which a court can rescind or amend a final judgment or order. Rule 60(b) "should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986) (citations omitted). Relief from a final judgment under Rule 60(b) is "extraordinary judicial relief" and may be granted "only upon a showing of exceptional circumstances." *Id.* A motion seeking relief pursuant to Rule 60(b) is addressed to the sound discretion of the district court. *Id.*

Here, Arbitron does not allege the grounds set forth in Rule 60(b)1—mistake, inadvertence, surprise, or excusable neglect. Rather, it relies on the provision in 60(b)(6), which allows for relief for "any reason justifying relief from the operation of the judgment," and the provision in 60(b)(2), which allows for relief from a

judgment or order on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(6) "is properly invoked when there are extraordinary circumstances justifying relief, when grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Nemaizer v. Baker,* 793 F.2d at 63 (citation omitted); *see also Rodriguez v. Mitchell,* 252 F.3d 191, 201 (2d Cir.2001). Such "extraordinary circumstances" are not present here.

As for relief under 60(b)(2), Arbitron does not claim that it has discovered new evidence, but rather that it was unable to complete discovery because JMD was uncooperative, and further discovery would establish the trade practices on which Arbitron now relies. However, "[a] judgment ... will not be reopened if the evidence is merely cumulative and would not have changed the result." 11 Charles Alan Wright & Arthur R. Miller, et al., *Federal Practice and Procedure* § 2859 (2d ed.1995). This is the case here, where trade practice, even if assumed as alleged by Arbitron, does not supply an objective method for redetermination of the rate to be paid Arbitron. As previously stated in the June 5 Opinion at 267–68:

> This is not a case where there is an ambiguity in need of interpretation in the Agreement.... Here, the problem is that a term is missing, not that it is susceptible to multiple interpretations. When there is no recourse to an objective standard, a material term of the agreement simply does not exist, and

---

1. Prior to summary judgment, Arbitron's motion to compel discovery from JMD was granted. JMD produced certain documents, but Arbitron found this production deficient and moved to compel further discovery from JMD. In the June 5 Opinion, Arbitron's motion to compel was denied as moot. Arbitron

now claims that "[h]had JMD been compelled to produce documents and comply fully with its discovery obligations, it is likely that additional evidence of the parties' intent and expectations relative to ¶ 11 of the Agreement would have been discovered." (Arbitron Reply Mem. at 4 n. 2.)

there is "no room for legal construction or resolution of an ambiguity." *Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher,* 52 N.Y.2d 105, 111, 436 N.Y.S.2d 247, 417 N.E.2d 541 (1981). If a contract is unambiguous, courts are required to give effect to the contract as written and may not consider extrinsic evidence to alter or interpret its meaning. *Consarc Corp. v. Marine Midland Bank, N.A.,* 996 F.2d 568, 573 (2d Cir. 1993). Thus, extrinsic evidence cannot come in to save the escalation clause.

The authorities cited by Arbitron do not provide otherwise.

### Reconsideration Under Local Rule 6.3 Is Denied

Even if Arbitron's motion under Rule 60(b) is converted to a motion for reconsideration under local Rule 6.3, as suggested by Arbitron (Arbitron Reply Mem. at 2 n. 1), it is denied.

A motion for reconsideration "is appropriate where a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.,* 230 F.Supp.2d 427, 428 (S.D.N.Y.2002) (*quoting Range Rd. Music, Inc. v. Music Sales Corp.,* 90 F.Supp.2d 390, 392 (S.D.N.Y. 2000)). "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995). "[A] motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'" *Banco,* 230 F. Supp.2d at 428 (*quoting Griffin Indus.,*

*Inc. v. Petrojam, Ltd.,* 72 F.Supp.2d 365, 368 (S.D.N.Y.1999)). However, this must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temps., Inc.,* No. 99 Civ. 6098, 2001 WL 286771, 2001 U.S. Dist. LEXIS 3165 (S.D.N.Y. Mar. 21, 2001).

Here, Arbitron fails to meet this standard by neither "point[ing] to controlling decisions or data that the court overlooked," *Shrader,* 70 F.3d at 257, nor showing that reconsideration is necessary in order to "correct a clear error or prevent manifest injustice." *Banco,* 230 F.Supp.2d at 428.

### Conclusion

Arbitron's motion under Rule 60(b) and for reconsideration is thereby denied.

It is so ordered.