Steven Jude HOFFENBERG, Plaintiff,

v.

HOFFMAN & POLLOK, Defendant.

No. 00 Civ.3151 (RWS).

United States District Court,
S.D. New York.

Dec. 31, 2003.

Steven Jude Hoffenberg, Federal Medical Center Devens, Ayer, MA, Plaintiff, pro se.

Hoffman Pollok & Pickholz, New York, NY, By: John L. Pollok, for Defendant, of counsel.

## *OPINION*

SWEET, District Judge.

Plaintiff Steven Hoffenberg ("Hoffenberg") has moved for reconsideration of the Court's October 23, 2003 opinion. *See Hoffenberg v. Hoffman & Pollok*, 288 F.Supp.2d 527 (S.D.N.Y.2003) (the "October 23 Opinion" or *"Hoffenberg I"*). The *October 23 Opinion* granted defendant Hoffman & Pollok, now known as Hoffman Pollok & Pickholz LLP ("HPP"), summary judgment and denied Hoffenberg's cross-motion under Rule 60(a) and (b) seeking recusal. The *October 23 Opinion* further granted Hoffenberg thirty days to submit any additional facts and HPP another ten days to reply to these submissions. *Id.* at 540–541. For the reasons set forth below, Hoffenberg's motion for reconsideration is denied.

### *Prior Proceedings*

Hoffenberg filed the complaint in this action (the "Complaint") on April 25, 2000, alleging diversity jurisdiction. Hoffenberg first alleges that HPP issued fraudulent billing to him for services that were never provided (Complaint at ¶¶ 16, 43–49). Sec-

ond, he alleges that HPP fraudulently induced Hoffenberg to "write a letter about the over one million dollars advanced to HP by Pro Se"—an apparent reference to a letter dated May 29, 1996 in which Hoffenberg released all claims he had against HPP. Third, Hoffenberg alleges that HPP committed malpractice and breached their fiduciary duty not only throughout the course of HPP's representation of Hoffenberg (*id.* at ¶ 41), but also in connection with the monies set aside for legal services by the consent judgment (*id.* at ¶¶ 19–42) by taking a $450,000 set aside from a third party. They thus acted adversely to Hoffenberg, colluding with a third party and forcing Hoffenberg to enter into an adverse agreement for HPP's benefit. (*Id.*).

The instant motion was marked fully submitted on December 1, 2003.

## A. *Standard*

A motion for reconsideration "is appropriate where a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court.'" *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F.Supp.2d 427, 428 (S.D.N.Y.2002) (*quoting Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F.Supp.2d 390, 392 (S.D.N.Y. 2000)). "The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). "[A] motion for reconsideration may be granted to 'correct a clear error or

prevent manifest injustice.'" *Banco*, 230 F. Supp.2d at 428 (*quoting Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999)). However, this must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098, 2001 WL 286771 (S.D.N.Y. Mar. 21, 2001), 2001 U.S. Dist. LEXIS 3165.

Hoffenberg fails to meet this standard by neither "point[ing] to controlling decisions or data that the court overlooked," *Shrader*, 70 F.3d at 257, nor showing that reconsideration is necessary in order to "correct a clear error or prevent manifest injustice." *Banco*, 230 F.Supp.2d at 428. Hoffenberg has not alleged any new facts which would prevent the entry of summary judgment dismissing his complaint. Rather, his submission is a reiteration of his previous arguments, even incorporating by reference his July 12, 2003 response.

## B. *Statute of Limitations*

Pointing to *Stull v. Bayard*, 561 F.2d 429 (2d Cir.1977), Hoffenberg argues that his claims of fraudulent billing should not be dismissed as untimely under CPLR §§ 213(8) and 203(g).[1] However, Hoffenberg fails to submit any new facts and already brought *Stull v. Bayard* to the Court's attention in his July 1, 2003 and July 12, 2003 submissions. In fact, the *October 23 Opinion* cites to *Stull v. Bayard* in explaining that under the discovery method it employs, the statute of limitations accrued on June 26, 1996 when Hoffenberg discovered the charge for services never provided and expired on June 26, 1998, two years later. *Hoffenberg I*, at 536 (*citing Stull*, 561 F.2d at 431). Thus,

---

1. As explained in the *October 23 Opinion,* under these statutes, "the statute of limitations for a claim of fraud is six years from the commission of the fraud or two years from the time of discovery, whichever is later." *Hoffenberg I,* at 535.

as previously held, Hoffenberg's claims are untimely. *See Ackerman v. Nat'l Property Analysts,* 887 F.Supp. 494, 504 (S.D.N.Y.1992) (time barring under six-year statute of limitations fraud claims of all plaintiffs who invested in limited partnerships prior to December 19, 1985 where complaint was filed on December 19, 1991).

### C. *Recusal*

Hoffenberg further argues that the *October 23 Opinion* wrongly refused to grant this Court's recusal under 28 U.S.C. § 455(a) and 455(b). Hoffenberg, however, offers no new arguments or facts in support of recusal. As previously explained:

> In his reply brief filed on July 3, 2003, [Hoffenberg] alleges grounds for recusal based upon an interest of a member of my wife's family in The New York Post which Hoffenberg sought to acquire after that interest had been terminated. There is no relationship to that interest in the proceedings described above, chronologically or in any other fashion.

*Hoffenberg I,* at 540.

### *Conclusion*

Hoffenberg's motion for reconsideration is thereby denied.

It is so ordered.