## In re BIOVAIL CORPORATION SECURITIES LITIGATION.

### No. 03 CV 8917 (RO).

United States District Court,
S.D. New York.

Feb. 5, 2007.

Sanford P. Dumain, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, Steven B. Singer, Bernstein, Litowitz, Berger & Grossmann, LLP, for plaintiffs.

Martin F. Cunniff, Howrey, LLP, for defendant Biovail.

Gary Svirsky, O'Melveny & Myers, LLP, for Banc of America Securities, LLC.

Stuart M. Sarnoff, Morgan Lewis & Bockius, LLP, for Arthur Cohen.

Joseph Alexander Lawrence and Carl H. Lowenson, Jr., Morrison & Forster, LLP, for David Maris.

Yosef J. Riemer, Kirkland & Ellis, LLP, for Gerson Lehrman Group and Gerson Lehrman Group Brokerage Services.

Martin Klotz, Willkie, Farr & Gallagher, LLP, for S.A.C. Capital Advisors.

Partha P. Chattoraj, Quinn, Emanuel, Urqhart, Oliver & Hedges, LLP, for Emanuel Goldberg, M.D.

## MEMORANDUM & ORDER

OWEN, District Judge.

At a hearing on October 13, 2006, the Court denied plaintiffs' Motion To Unseal the Second Amended Class Action Complaint. Plaintiffs now move the Court to reconsider that denial.

█ To satisfy the standards governing motions for reconsideration, a movant must

show that the Court has overlooked controlling decisions or factual matters that, had they been considered, might reasonably have altered the result. *See Range Road Music, Inc. v. Music Sales Corp.,* 90 F.Supp.2d 390, 391–92 (S.D.N.Y.2000). A motion to reconsider is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996).

■ Lead Plaintiffs do not persuade me that revisiting the legal or factual issues addressed in the prior motion would alter the outcome or that the Court overlooked controlling legal authority. The Stipulated Protective Order dated April 29, 2005, which both plaintiffs and defendant signed, at paragraph 18 describes a process whereby a party can contest the designation of certain material as "Confidential." At the October 13 hearing, the Court invited the plaintiffs to follow this procedure. Transcript at 23. Plaintiffs have not done so. If they believe documents have incorrectly been designated by defendant as "Confidential," they may file a motion challenging such designation following the procedures outlined above. Upon such a motion, the Court will be properly situated to decide the validity of the "Confidential" designation attributed to each document.[1] The motion for reconsideration is denied.

So Ordered.

---

[1] The Court also has the power, after a careful review of claims for and against access, to make its own redactions to the Complaint for purposes of public filing. *See United States v. Amodeo,* 44 F.3d 141, 147 (2d Cir.1995).