In re MOTORS LIQUIDATION COM-
PANY, et al., f/k/a General Mo-
tors Corp., et al., Debtors.

No. 10 Civ. 5397 (VM).

United States District Court,
S.D. New York.

Aug. 2, 2010.

Opinion Denying Reconsideration
Aug. 18, 2010.

Stephen Karotkin, Weil, Gotshal &
Manges LLP, New York, NY, for Appel-
lee.

## *ORDER*

VICTOR MARRERO, District Judge.

By papers received August 2, 2010,
bankruptcy appellant Terrie Sizemore
("Sizemore") moves the Court for a stay,
pending her bankruptcy appeal, of an or-
der issue June 1, 2010, by Judge Gerber of
the United States Bankruptcy Court,

Southern District of New York. Sizemore did not attach a copy of Judge Gerber's order to her order, but notes that it requires her to withdraw from civil litigation already-commenced in Medina, Ohio.

■ Sizemore's motion is governed by Fed. R. Bankr.P. 8005 ("Rule 8005"). Rule 8005 provides, in pertinent part:

A motion for the stay of the ... order ... of a bankruptcy judge ... must ordinarily be presented to the bankruptcy judge in the first instance.... A motion for such relief ... may be made to the district court ..., but the motion shall show why the relief ... was not obtained from the bankruptcy judge. The district court ... may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

■ In addition to these procedural requirements, a party requesting a stay must show "(i) the appeal has a substantial possibility of success on the merits; (ii) the appellant will suffer irreparable injury if the stay is denied; (iii) no party will suffer substantial injury if the stay is granted; and (iv) the public interest will not be adversely affected by the stay." *In re Tower Automotive, Inc.,* No. 05–10578, 2006 WL 2583624, at *1 (Bankr.S.D.N.Y. June 28, 2006) (citations omitted).

Sizemore fails to meet this burden. Though her motion indicates that she requested a stay from Judge Gerber, this stay was requested in "Docket no. 5866." The appeal now before the Court had the docket number 09–B–50026 in bankruptcy court and it therefore appears that Sizemore has not requested a stay in the instant case. But, given that Sizemore is appearing *pro se,* the Court will construe her request in the differently-numbered but perhaps related case as being made in this appeal.

Sizemore does not offer to post a bond or offer any reason why one should not be required in this case. She also does not cite any law, or represent any facts, that suggest she would prevail on the merits of this appeal. The only facts she presents relate to the difficulty she had in traveling to New York City for a hearing in bankruptcy court.

Though Sizemore argues that she will be injured if the stay is not granted because a products liability action will be withdrawn, the Court is not persuaded that such attenuated harm is sufficient to justify a stay of the bankruptcy judge's order.

Next, though Sizemore does contend that "GM" (an undefined abbreviation, but presumably referring to General Motors) will not be injured by a stay, she does not suggest how the public interest is at all affected by her request.

Accordingly, Sizemore's motion for a stay of the Bankruptcy Court's Order is DENIED.

**SO ORDERED.**

### DECISION AND ORDER

On August 2, 2010, the Court denied the motion of bankruptcy appellant Terrie Sizemore ("Sizemore") for a stay, pending her bankruptcy appeal, of an order issued on June 1, 2010, by Judge Gerber of the United States Bankruptcy Court, Southern District of New York. *See* Fed. R. Bankr.P. 8005. By papers received August 13, 2010, Sizemore moves for reconsideration of the Court's denial of the stay.

■ Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litg.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation marks omitted). "The major grounds jus-

tifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (*quoting* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790).

Sizemore has not advanced any new legal grounds or facts that justify reconsideration of the Court's denial of her request for a stay of the Bankruptcy Court's Order.

Accordingly, Sizemore's motion for reconsideration of the Court's order denying a stay of the Bankruptcy Court's Order is DENIED.

**SO ORDERED.**